## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| SCARLA SMITH, | ) | CASE NO.  1:24 CV 00319 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| STERIS CORPORATION, et al., | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendants. | ) | **AND ORDER** |

This matter is now before the Court on Defendants STERIS Corporation's ("STERIS"), Anna Soldo's, and Renato Tamaro's *Motion to Dismiss Plaintiff's Complaint Against Individual Defendants Anna Soldo and Renato Tamaro* (ECF #4), filed on February 27, 2024, and on Plaintiff Scarla Smith's *Motion for Sanctions Pursuant to Fed. R. Civ. P. 11* (ECF #9), filed on March 21, 2024.  Both motions are now fully briefed, and ready for ruling.

For the reasons stated below, *Defendants' Motion to Dismiss Plaintiff's Complaint Against Individual Defendants Anna Soldo and Renato Tamaro* (ECF #4) is GRANTED and *Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11* (ECF #9) is DENIED.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On January 19, 2024, Plaintiff Scarla Smith, a former employee of STERIS,[1]
filed a *Complaint for Damages* (ECF #1-1) in the Cuyahoga County Court of
Common Pleas against STERIS and two individuals described as "manager(s)
and/or supervisor(s) at STERIS" (ECF #1-1, ¶¶ 5 & 8), alleging that her resignation
of employment at STERIS as a Finance Administrative Coordinator constituted a
"constructive discharge," as she "believed that STERIS was about to fire her as a
result of her disability" (ECF #1-1, ¶¶ 23 & 91).  Ms. Smith asserts that she suffers
and continues to suffer from severe panic and anxiety disorder, that these
conditions constitute a mental impairment, and that she is disabled.  (ECF # 1-1,
¶¶ 94-96).  In the alternative, she asserts that STERIS perceived her as being
disabled.  (ECF #1-1, ¶ 97).

In her *Complaint for Damages*, Ms. Smith asserts: claims of violation of the
Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, against STERIS (Count
I); disability discrimination in violation of Ohio's Fair Employment Practices Act,
Ohio Rev. Code § 4112.01, *et seq.*, against STERIS (Count II); retaliation in
violation of the Americans With Disabilities Act against STERIS (Count III); and
retaliation in violation of Ohio's Fair Employment Practices Act, specifically Ohio

---

[1]

      STERIS is decribed on its website as "a leading global provider of products
and services that support patient care with an emphasis on infection protection."
*See* www.steris.com.

Rev. Code § 4112.02(I), against all the Defendants (STERIS as well as individual Defendants Anna Soldo and Renato Tamaro).

Ms. Smith specifically alleges that STERIS discriminated against her by terminating her based on her alleged disability, failing to provide reasonable accommodations, and retaliating against her for reporting on disability discrimination, in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, *et seq.*, and Ohio's Fair Employment Practices Act, Ohio Rev. Code § 4112.01, *et seq.*

On February 20, 2024, the Defendants removed the matter to this Court pursuant to 28 U.S.C. §§ 1441 & 1446, based on federal question jurisdiction under 28 U.S.C. § 1331, as conferred by the federal Americans With Disabilities Act claims against STERIS.  (ECF #1, *Notice of Removal*).  This Court's jurisdiction over the state law retaliation claims against STERIS and individual Defendants Anna Soldo and Renato Tamaro is based on supplemental jurisdiction conferred by 28 U.S.C. § 1367(a).

## II.  LEGAL ANALYSIS

### A.  Defendants' Motion to Dismiss

The *Motion to Dismiss* before this Court is focused only on the state law retaliation claims asserted against individual Defendants Anna Soldo and Renato Tamaro, based on Ohio Rev. Code § 4112.02(I).  (ECF #4).  Neither the federal and state claims against STERIS alone, as alleged in Counts I, II, and III, nor the state

law retaliation claim against STERIS, as alleged in Count IV, is at issue in the
*Motion to Dismiss* now before the Court.

A complaint filed in, or removed to, federal court is subject to dismissal under
Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which
relief can be granted." FED. R. CIV. P. 12(b)(6). A "complaint must contain direct or
inferential allegations respecting all the material elements under some viable legal
theory." *Red Zone 12, LLC v. City of Columbus*, 758 F. App'x 508, 512 (6th Cir.
2019), quoting *Commercial Money Ctr. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336
(6th Cir. 2007) (also noting that the standard is the same for both motions to dismiss
filed under Fed. R. Civ. P. 12(b)(6) and motions for judgment on the pleadings under
Fed. R. Civ. P. 12(c)). A trial court construes the complaint in the light most
favorable to the nonmoving party, accepts the well-pled factual allegations as true,
and determines whether the complaint contains enough facts to make the legal
claims facially plausible. *Red Zone 12*, 758 F. App'x at 512, citing *Commercial
Money*, 508 F.3d at 336, in turn citing *United States v. Moriarty*, 8 F.3d 329, 332 (6th
Cir. 1993). "Conclusory allegations or legal conclusions masquerading as factual
allegations will not suffice." *Eidson v. Tennessee Dept. of Children's Servs.*, 510 F.3d
631, 635 (6th Cir. 2007); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)
(explaining that complaint must contain something more than a statement of facts
that merely creates speculation or suspicion of a legally cognizable cause of action).

"A claim has facial plausibility when the plaintiff pleads factual content that
allows the court to draw the reasonable inference that the defendant is liable for the

-4-

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atl. Corp v. Twombly*, 550 U.S. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," but is "not akin to a probability requirement." *Ashcroft*, 556 U.S. at 678. In conducting this analysis, a court "need not accept the plaintiff's legal conclusions or unwarranted factual allegations as true." *Red Zone 12*, 758 F. App'x at 513, citing *Commercial Money*, 508 F.3d at 336.

The basis of Defendants' *Motion to Dismiss* is that Plaintiff Smith's claims against Defendants Anna Soldo and Renato Tamaro as individuals under Ohio Revised Code § 4112.02(I) are barred by the 2021 amendments to the Ohio Employment Law Uniformity Act's ("ELUA") amendments to section 4112.08(A) of Ohio's Fair Employment Practices Act. (ECF #4, PageID #38). This Court finds that Defendants' motion is well taken.

The gist of the arguments raised in the *Motion to Dismiss* are identical to those recently made before the District Court in the Southern District of Ohio (involving the same plaintiffs' counsel) in the case of *Sherman v. Public Employees Retirement Sys.*, Case No. 2:22-CV-04161, 2023 U.S. Dist. LEXIS 174092 (S.D. Ohio Sept. 28, 2023):

> Plaintiff alleges unlawful retaliation and aiding, abetting, and inciting of discrimination in violation of Ohio Revised Code § 4112.02(I)-(J). Ohio Revised Code § 4112 is the Ohio FEPA [Fair Employment Practices Act]. The Individual Defendants argue that [Plaintiff's claims] fail because Ohio's FEPA does not permit suits for individual liability, relying on recent amendments the Employment Law Uniformity Act ("ELUA") made to FEPA. Plaintiff counters that the

-5-

ELUA absolved liability for employers for claims brought pursuant to Ohio Revised Code § 4112.02(A)-(F), but not for claims under § 4112.02(I)-(J). Plaintiff focuses her argument on changes to the definition of "employer," specifically where ELUA removed "any person acting directly or indirectly in the interest of the employer" from the definition of "employer." Plaintiff notes that § 4112.02(A)-(F) imposes liability on "any *employer*," while § 4112.02(I)-(J) imposes liability on "any *person*." Accordingly, Plaintiff argues that ELUA did not change § 4112.02(I)-(J).

*Sherman*, 2023 U.S. Dist. LEXIS 174092, at *29-*30 (citations omitted, emphasis in original).[2]

The foundational "disability discrimination" claim under Ohio's Fair Employment Practices Act is based on section 4112.02(A) of that statute:[3]

---

[2]

*Sherman* involved claims of both unlawful retaliation in violation of Ohio Rev. Code § 4112.02(I) and aiding, abetting, and inciting discrimination in violation of Ohio Rev. Code § 4112.02(J). Here, there is no claim raised under section 4112.02(J) (aiding and abetting discrimination). *See Complaint for Damages* (ECF #1-1, ¶¶ 154-163). The analysis is the same whether examining one or both sections. It bears noting that while Plaintiff's *Opposition to Motions [sic] to Dismiss Filed By Defendants* (ECF #6) infers that Defendants Soldo and Tamaro are alleged to have violated subsection (J) (aiding and abetting) – *and, interestingly, not subsection (I)* (retaliation), despite the allegations of the *Complaint for Damages* – that brief in opposition also identifies the corporate Defendant in the caption as "Danaher Corporation," and throughout the text (three times, including in the one-sentence "Conclusion") refers to the Plaintiff as "Calkins" – *and, interestingly, does not refer to the Plaintiff even once as "Smith."* (ECF #6). The Court will, of course, analyze this case in conformity with the case actually before it, examining whether "retaliation" claims under Ohio Rev. Code § 4112.02(I) can be maintained against supervisor and manager defendants.

[3]

The only Ohio "disability discrimination" claim on which any allegations of "retaliation" under the Ohio Fair Employment Practices Act are based is asserted solely against STERIS, in Count II of the *Complaint for Damages* (ECF #1-1, ¶¶ 118-143) (the disability discrimination claim under the federal Americans With Disabilities Act, again asserted solely against STERIS, is the subject of Count I). There are no "disability discrimination" claims brought ***at all*** against individual

**§ 4112.02  Unlawful discriminatory practices.**

It shall be an unlawful discriminatory practice:

(A)  For any employer, because of race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

Ohio Rev. Code § 4112.02(A).

Section 4112.01(A)(24) defines the term "Unlawful discriminatory practice related to employment":

**§ 4112.01  Definitions[.]**

(A)  As used in this chapter:

*  *  *

(24)  "Unlawful discriminatory practice relating to employment" means both of the following:

(a)  An unlawful discriminatory practice that is prohibited by division (A), (B), (C), (D), (E), or (F) of section 4112.02 of the Revised Code;

(b)  An unlawful discriminatory practice that is prohibited by division (I) or (J) of section 4112.02 of the Revised Code that is related to employment.

Ohio Rev. Code § 4112.01(A)(24).

One of the key provisions of the ELUA amendments to Ohio's Fair Employment Practices Act was the addition of the following text to section 4112.08:

---

Defendants Soldo and Tamaro under either the federal Americans With Disabilities Act or Ohio's Fair Employment Practices Act.  (ECF #1-1).

> [N]o person has a cause of action or claim based on an unlawful
> discriminatory practice *relating to employment described in
> division (A)(24)(a)* of section 4112.01 of the Revised Code against a
> supervisor, manager, or other employee of an employer *unless that
> supervisor, manager, or other employee is the employer*. Nothing
> in this division abrogates statutory claims outside this chapter or any
> claims of liability that exist against an individual at common law.

Ohio Rev. Code § 4112.08(A) (emphasis supplied).

The meaning of this amendment was described by Ohio's General Assembly

in General 2019 Ohio H.B. 352, as stated in Section 3:

> The General Assembly further declares its intent that individual
> supervisors, managers, or employees not be held liable under Chapter
> 4112 of the Revised Code for unlawful discriminatory practices *relating
> to employment* that are described in division (A)(24)(a) of section
> 4112.01 of the Revised Code, as amended by this act.

General 2019 Ohio H.B. 352, Section 3 (emphasis supplied).

In enacting the ELUA, the General Assembly specifically declared its intent

to terminate the practice of treating individual managers and supervisors like

"employers," as the Supreme Court of Ohio had done in an earlier decision, stating

in part in Section 3:

> SECTION 3.  The General Assembly, in amending section 4112.01 and
> division (A) of section 4112.08 of the Revised Code pursuant to this act,
> hereby declares its intent to supersede the effect of the holding of the
> Ohio Supreme Court in *Genaro v. Central Transport, Inc.*, 84 Ohio St. 3d
> 293 (1999) and to follow the holding in *Wathen v. General Electric Co.*,
> 115 F.3d 400 (1997) regarding the definition of "employer" for the
> purposes of Chapter 4112 of the Revised Code.

Acts 2020, H.B. 353, Section 3.

In reviewing Plaintiff Smith's *Complaint for Damages*, it is clear that

any alleged conduct at issue flows from Anna Soldo's and Renato Tamaro's

-8-

status as managers and supervisors at STERIS, without any allegation of "retaliatory activity" acting as individuals outside of their roles as managers and supervisors.[4]  (ECF #1-1).  There are no allegations that Defendants Soldo or Tamaro are in any way Plaintiff Smith's "employers."

As is evident from a sensible reading of the text of Ohio's Fair Employment Practices Act, as amended by the ELUA, and as since recognized by the decision in *Sherman v. Public Employees Retirement Sys.*, Case No. 2:22-CV-04161, 2023 U.S. Dist. LEXIS 174092 (S.D. Ohio Sept. 28, 2023), a plaintiff's claims of "retaliation" in connection with employment discrimination claims under Ohio Rev. Code § 4112.02(I) or "aiding and abetting" employment discrimination under Ohio Rev. Code § 4112.02(J), made against individual manager and supervisor defendants, involving only conduct or activity taken in their roles as managers and supervisors, without any credible allegation of individual conduct or activity taken outside of these roles, is barred by the ELUA amendments to section 4112.08(A) of the Ohio Fair Employment Practices Act.  As described by the court in *Sherman*:

> Plaintiff's claims for violation of Ohio Revised Code § 4112.02(I) and (J) are barred by the ELUA's amendments to § 4112.08(A).  Here, Plaintiff alleges that the Individual Defendants were supervisors and managers for [Defendant].[5]  Accordingly, the Individual Defendants are

---

[4]

Actually, the *Complaint for Damages* does not identify **any** action or conduct engaged in by Defendant Tamaro **at all**.  (ECF #1-1).

[5]

In *Sherman*, the "corporate entity" Defendant was the Ohio Public Employees Retirement System, an Ohio governmental entity.  While much of the court's ruling dealt with the sovereign immunity aspects of the case, the concluding section addressed the interplay between the Ohio Fair Employment Practices Act and the

"supervisors" and "managers" within the meaning of Ohio Revised Code
§ 4112.08(A).  Plaintiff alleges she was retaliated against in her
employment for requesting an accommodation . . . .  All of Plaintiff's
claims relate to allegedly unlawful actions regarding her request for an
accommodation *at work*, use of medical leave *from work*, and
employment termination.  Thus, Plaintiff's § 4112.02(I) and (J) claims
concern allegedly unlawful discriminatory practices *relating to her
employment*.  [Plaintiff's retaliation and aiding and abetting claims]
regarding the Individual Defendants are prohibited by Ohio Revised
Code § 4112.08(A), and the Court dismisses them for failure to state a
claim.

*Sherman*, 2023 U.S. Dist. LEXIS 174092 at *31-*32 (inserts and emphasis

supplied).[6]

In her *Complaint for Damages*, the only activities alleged to be taken by

Defendant Anna Soldo, a STERIS HR Manager (ECF #1-1, ¶ 54), are:

- Soldo received an e-mail from Smith on July 26, 2022 that
  "emphasized that the stress Smith had been put under from the

---

ELUA amendments related to claims against manager and supervisor defendants
acting in the course of their roles with a corporate employer.

[6]

    *See also Milliner v. Pipping Rock Prods., LLC*, No. 23-CV-000535 (Ohio C.P.,
Lake Cty. Mar. 27, 2024) ("R.C. 4112.08(A) provides that 'No person has a cause of
action or claim based on an unlawful discrimination practice relating to
employment described in division (A)(24)(a) of section 4112.01 of the Revised Code
against a supervisor, manager, or other employee of an employer unless that
supervisor, manager, or other employee is the employer.'  R.C. 4112.01(A)(24)(a)
defines 'unlawful discriminatory practice relating to employment' as an unlawful
discriminatory practice prohibited by R.C. 4112.02(A)-(F), and an unlawful
discriminatory practice prohibited by R.C. 4112.02(I) and (J) related to
employment.  R.C. 4112.08(A) clearly provides that supervisors and managers
cannot be held individually liable for employment discrimination or retaliation.")
(following and citing *Sherman*) (submitted as ECF #11-1); *Reeves v. P&E Logistics,
Inc.*, Case No. 2:21-CV-4167, 2022 U.S. Dist. LEXIS 54990 at *8-*9 (S.D. Ohio Mar.
28, 2022) ("Plaintiff's R.C. 4112 claims against the individual defendants are also
dismissed because Ohio law prohibits individual liability for employment
discrimination or retaliation").

Overwhelming Workload was so severe that Smith felt like she
was no longer able to work at the company as a result of the
stress." (ECF #1-1, ¶¶ 53 & 55).

· Soldo met with Smith on July 29, 2022 in response to the e-mail,
but allegedly "failed to provide Smith with information on the
reasonable accommodation process" and failed to "begin the
reasonable accommodation process," which Smith defines as
"request[ing] a reduction in responsibilities" and "request[ing] a
lower workload.") (ECF #1-1, ¶¶ 45, 56, 57, 58 & 59).

· Soldo received an e-mail from Smith on August 3, 2022
"request[ing] medical forms so that STERIS could have proper
documentation of Smith's disability," and that Soldo replied to the
e-mail on August 5, 2022, that "only contained information on how
to take leave under the Family Medical Leave Act as well as
STERIS' leave of absence policy." (ECF #1-1, ¶¶ 65-68).

· On or after August 7, 2022, Smith requested a "transition into
retirement as a new reasonable accommodation," and Soldo
"ignored [this] . . . [r]equest for [a]ccommodation." (ECF #1-1,
¶¶ 69, 70 & 75).

· At a performance review between Smith and various STERIS
employees, "Soldo subjected Smith to numerous accusations of
incompetence" and suggested that Smith attend a training course.
(ECF #1-1, ¶¶ 78, 80 & 81).

· On December 27, 2022, Smith sent Soldo various medical forms
that she discovered on STERIS' company intranet, along with a
doctor's note describing Smith's alleged disability. (ECF #1-1,
¶¶ 88-89).

On January 3, 2023, Smith resigned from her job at STERIS "as she believed

that STERIS was about to fire her as a result of her disability," and asserting that

"no reasonable person would continue to work under the conditions Smith was

subjected to at STERIS." (ECF #1-1, ¶¶ 90-92). There is nothing within these

allegations that even remotely asserts that Defendant Anna Soldo engaged in any

actions or conduct that were "individual" or outside of her role as an HR Manager at STERIS.

And, as earlier noted, there are no allegations related to actions or conduct taken by Defendant Renato Tamaro *at all*. (*See* note 4, *supra*).

Accordingly, Plaintiff Smith's claims of "retaliation" against Defendants Soldo and Tamaro under Ohio Revised Code § 4112.02(I), as alleged in Count IV of the *Complaint for Damages* (ECF #1-1), are barred by the provisions of Ohio Revised Code § 4112.08(A), and are dismissed. Count IV, however, remains insofar as it relates to Plaintiff's assertions against Defendant STERIS, which are not a subject of the *Motion to Dismiss*.

There is an additional reason as to why the claims naming Defendant Renato Tamaro fail. Plaintiff Smith failed to exhaust the required administrative remedies predicate to filing a court claim against him. Under the ELUA, employees must first file a charge with the Ohio Civil Rights Commission before bringing employment discrimination claims under Ohio law. Once an employee obtains a "right to sue" letter from the applicable agency, the employee may then file a lawsuit alleging Ohio employment discrimination claims. *See* Ohio Rev. Code § 4112.052(B); *Showman v. Q Corporate Holdings, LLC*, Case No. 1:23-CV-00986, 2024 U.S. Dist. LEXIS 6423, at *13 (N.D. Ohio Jan. 12, 2024) (To bring a claim against a party under R.C. 4112, "a complainant must first exhaust h[er] administrative remedies").

Ohio courts have "consistently held that a plaintiff's failure to allege

exhaustion of administrative remedies is sufficient for dismissal." *State ex rel. CannAscend Ohio LLC v. Williams*, Case No. 18AP-820, 2020 Ohio App. LEXIS 330, at *30-*31 (Ohio Ct. App. 10th Dist. Feb. 4, 2020) (2020-Ohio-359, ¶ 52) (granting motion to dismiss based on failure to exhaust administrative remedies); *Oglesby v. Columbus*, Case No. 00AP-544, 2001 Ohio App LEXIS 438 (Ohio Ct. App. 10th Dist. Feb. 8, 2001) (finding dismissal of breach of contract and interference with contract claims appropriate where plaintiff did not allege in complaint exhaustion of administrative remedies).

Plaintiff Smith has alleged her filing of a charge against Defendant Soldo with the Ohio Civil Rights Commission (ECF #1-1, ¶ 15), her receipt of a "right to sue" letter in connection with that charge (including attaching a copy of the letter to her complaint) (ECF #1-1, ¶ 17), and stating that she "has properly exhausted all administrative remedies pursuant to R.C. § 4112.01 *et seq*.," (ECF #1-1, ¶ 19). With respect to Defendant Tamaro she has alleged nothing at all, nor has she identified receipt of a "right to sue" letter from the Ohio Civil Rights Commission.

Thus, Plaintiff Smith's claims against Defendant Tamaro must be dismissed on this ground as well.

### B. Plaintiff's Motion for Sanctions

As part of the briefing on Defendants' *Motion to Dismiss* (ECF #4), Plaintiff Smith filed a *Motion for Sanctions Pursuant to Fed. R. Civ. P. 11* (ECF #9), the substance of which is that counsel for Defendants should be "sanctioned" for not adopting Plaintiff Smith's "statutory construction" interpretation as to the effect of

-13-

the ELUA amendments to the Ohio Fair Employment Practices Act (the exact same arguments presented to the court, and rejected, in the *Sherman* case, and described in that court's opinion, *see Sherman*, 2023 U.S. Dist. LEXIS 174092 at *29-*32), and for asking this Court to follow the same reasoning as that applied in the federal cases of *Sherman* and *Reeves*, and now the Ohio case of *Milliner* (*see* note 6, *supra*), in finding that the ELUA amendments to the Ohio Fair Employment Practices Act bar Plaintiff's "retaliation" claims against individual Defendants Soldo and Tamaro.

Federal Rule of Civil Procedure 11 allows for sanctions only for certain reasons outlined by the rule. Under Rule 11, "sanctions may be imposed if a reasonable inquiry discloses [that a] pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Universal Surveillance Corp. v. Checkpoint Sys.*, Case No. 5:11-CV-1755, 2013 U.S. Dist. LEXIS 187040 at *20-*22 (N.D. Ohio Oct. 16, 2023).

Neither Defendants' *Motion to Dismiss* nor Plaintiff's *Motion for Sanctions* raise any factual issue whatsoever. Nor is the act of Defendants asking a court to recognize and follow a reasonable interpretation of a statute as applied in earlier decisions "sanctionable conduct." This needs no citation. Plaintiff Smith's *Motion for Sanctions Pursuant to Fed. R. Civ. P. 11* (ECF #9) is denied as without basis.

-14-

### III.  <u>CONCLUSION</u>

For each of these reasons, *Defendants' Motion to Dismiss Plaintiff's Complaint Against Individual Defendants Anna Soldo and Renato Tamaro* (ECF #4) is GRANTED and *Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11* (ECF #9) is DENIED.


IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge



DATED: _April 17, 2024_