IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SCARLA SMITH, | ) CASE NO. 1:24 CV 00319 |
| Plaintiff, | ) |
| | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER DENYING** |
| STERIS CORPORATION, et al., | ) **PLAINTIFF'S MOTION FOR** |
| | ) **RECONSIDERATION OF** |
| Defendants. | ) **APRIL 17, 2024 ORDER** |

**I. PROCEDURAL BACKGROUND**

On January 19, 2024, Plaintiff Scarla Smith, a former employee of STERIS, filed a *Complaint for Damages* (ECF #1-1) in the Cuyahoga County Court of Common Pleas against STERIS and two individuals, Anna Soldo and Renato Tamaro, described as "manager(s) and/or supervisor(s) at STERIS" (ECF #1-1, ¶¶ 5 & 8), alleging that her resignation of employment at STERIS as a Finance Administrative Coordinator constituted a "constructive discharge," as she "believed that STERIS was about to fire her as a result of her disability" (ECF #1-1, ¶¶ 23 & 91). Plaintiff's *Complaint* asserted claims of violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, against STERIS (Count I); disability discrimination in violation of Ohio's Fair Employment Practices Act, Ohio Rev. Code § 4112.01, *et seq.*, against STERIS (Count II); retaliation in violation of the Americans With Disabilities Act against STERIS (Count

III); and retaliation in violation of Ohio's Fair Employment Practices Act, specifically Ohio Rev. Code § 4112.02(I), against all the Defendants.

On February 20, 2024, the Defendants removed the matter to this Court pursuant to 28 U.S.C. §§ 1441 & 1446, based on federal question jurisdiction under 28 U.S.C. § 1331, as conferred by the federal Americans With Disabilities Act claims against STERIS. (ECF #1, *Notice of Removal*). This Court's jurisdiction over the state law retaliation claims against STERIS and individual Defendants Anna Soldo and Renato Tamaro was based on supplemental jurisdiction conferred by 28 U.S.C. § 1367(a).

On February 27, 2024, Defendants moved to dismiss plaintiff's claims against the individual defendants, Anna Soldo and Renato Tamaro, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim on which relief can be granted. (ECF #4, *Defendants' Motion to Dismiss Plaintiff's Complaint Against Individual Defendants Anna Soldo and Renato Tamaro*). The basis of the motion to dismiss was that "Plaintiff's claims against Defendants Soldo and Tamaro as individuals under Ohio Revised Code § 4112.02(I) are barred by the 2021 amendments to the Ohio Employment Law Uniformity Act's ("ELUA") amendments to § 4112.08(A)," and that "[ELUA], passed in 2021, prior to Plaintiff's alleged forced resignation, changed Ohio's statutory scheme to remove individual liability for supervisors and managers." (ECF #4, PageID #38). In support, Defendants highlighted a recent decision from the United States District Court for the Southern District of Ohio, *Sherman v. Pub. Emps. Ret. Sys.*, No. 22-CV-04161, 2023 U.S. Dist. LEXIS 174092, at *30 (S.D. Ohio Sep. 28, 2023) ("[N]o person has a cause of action or claim based on an unlawful discriminatory practice relating to employment described in division (A)(24)(a) of section 4112.01 of the Revised Code against a supervisor,

-2-

manager, or other employee of an employer unless that supervisor, manager, or other employee is the employer") (quoting Ohio Rev. Code § 4112.08(A)).

On March 5, 2024, Plaintiff filed an opposition to the motion to dismiss, (ECF #6, *Plaintiff Scarla Smith's Opposition to Motions to Dismiss Filed by Defendants*). On March 15, 2024, Defendants filed a reply in support of their motion to dismiss the individual defendants. (ECF #7, *Defendants' Reply in Support of Their Motion to Dismiss*).

After completion of the briefing on the motion to dismiss the individual defendants, which involved extensive briefing on the language of the ELUA amendments of 2021 as well as the effect of that language with respect to claims brought against individual defendants, Plaintiff then filed a *Plaintiff's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11* (ECF #9), the substance of which was that counsel for Defendants should be "sanctioned" for not adopting Plaintiff Smith's "statutory construction" interpretation as to the effect of the ELUA amendments to the Ohio Fair Employment Practices Act. As noted in this Court's earlier *Memorandum of Opinion and Order* (ECF #16), these same arguments regarding the interplay of the various sections of the Ohio Fair Employment Practices Act in light of the 2021 ELUA amendments (and in fact made by the same law firm) was also a subject discussed and considered by the court in *Sherman*, the recent decision highlighted in Defendants' original motion to dismiss. *See Sherman*, 2023 U.S. Dist. LEXIS at *30 ("Plaintiff focuses her argument on changes to the definition of 'employer,' specifically where ELUA removed 'any person acting directly or indirectly in the interest of the employer' from the definition of 'employer.' Plaintiff notes that § 4112.02(A)-(F) imposes liability on 'any employer,' while § 4112.02(I)-(J) imposes liability on

-3-

'any person.' Accordingly, Plaintiff argues that ELUA did not change § 4112.02(I)-(J).").[1]

The briefing on Plaintiff's motion for sanctions, which was fully briefed with a motion, opposition, and reply, (ECF #9, #13 & #15), again addressed the interplay of the various sections of the Ohio Fair Employment Practices Act in light of the ELUA amendments. Put simply, Plaintiff's statutory construction arguments related to the ELUA amendments was presented to the Court *three times* prior to the Court's ultimate ruling granting Defendants' motion to dismiss and denying Plaintiff's motion for sanctions: (1) in the briefing on the motion to dismiss; (2) the briefing on the motion for sanctions; and (3) in opposition to the filing of supplemental authority.

On April 17, 2024, this Court issued its *Memorandum of Opinion and Order* dismissing the claims made against the individual defendants, independently adopting the interpretation of the effect of the ELUA amendments related to individual liability as set forth in *Sherman*. *See Memorandum of Opinion and Order*, ECF #16, PageID #130 ("As is evident from a sensible reading of the text of Ohio's Fair Employment Practices Act, as amended by the ELUA, and as since recognized by the decision in *Sherman v. Public Employees Retirement Sys.*, a plaintiff's claims of 'retaliation' in connection with employment discrimination claims under Ohio Rev. Code § 4112.02(I) or 'aiding and abetting' employment discrimination under Ohio Rev. Code § 4112.02(J), made against individual manager and supervisor defendants, involving only conduct or activity taken in their roles as managers and supervisors, without any credible

---

[1] A few days before the completion of the briefing on the motion for sanctions, Defendants filed a *Notice of Supplemental Authority in Support of Motion to Dismiss* (ECF #11), noting a recent Ohio court decision, *Milliner v. Piping Rock Prods., LLC*, No. 23-CV-000535 (Ohio C.P., Lake Cty. Mar. 27, 2024), which adopted and agreed with the interpretation of the ELUA amendments on individual supervisor and manager liability set forth in *Sherman*. (ECF #11). Plaintiff filed an opposition to the filing of supplemental authority, again reciting its statutory interpretation arguments related to the ELUA amendments. (ECF #12).

-4-

allegation of individual conduct or activity taken outside of these roles, is barred by the ELUA amendments to section 4112.08(A) of the Ohio Fair Employment Practices Act.") (citation omitted).

On April 30, 2024, Plaintiff filed *Plaintiff's Motion to Reconsider Order Dismissing Individual Defendants* (ECF #19), which again set forth Plaintiff's statutory interpretation argument. The motion attached a state court decision issued two days after this Court's decision in this case, titled *Bennis v. Nationwide Children's Hospital, et al.*, No. 23-CV-003506 (Ohio C.P., Franklin Cty. Apr. 19, 2024), which interpreted the ELUA amendments regarding individual supervisor and manager liability differently than this Court, as well as differently than the courts' decisions in *Sherman*, *Milliner*, and *Reeves v. P&E Logistics, Inc.*, Case No. 2:21-CV-4167, 2022 U.S. Dist. LEXIS 54990 (S.D. Ohio Mar. 28, 2022). The *Bennis* decision makes no mention of any of the earlier decisions of *Sherman*, *Milliner*, or *Reeves*, or this Court's decision.

> The arguments of Plaintiff's motion were:
>
> In Defendants' one page Motion and two and half page Motion to Dismiss [actually, *Memorandum in Support*], they raised one singular argument: "Plaintiff's claims against Defendants Soldo and Tamaro as individuals under Ohio revised Code § 4112.02(I) are *barred* by the 2021 amendments to the Ohio Employment Law Uniformity Act's ('ELUA') amendments to § 4112.08(A)." This singular argument was expressly limited to the request for the Court to adopt the holding in *Sherman v. Public Emps. Ret. Sys.*, that Ohio law no longer allows individual liability. Thus, Defendants exclusively argued that all claims against individual managers or supervisors were completely barred without exception.
>
> Defendants wholly changed their arguments in their Reply Brief. After their Motion to Dismiss argued that individual liability is wholly barred, Defendants then argued that individuals can be held liable: "Properly understood, R.C. 4112.02(I) would only apply to individuals who happened to be a plaintiff's manager or supervisor if they engaged in prohibited acts that were outside the course and scope of their supervisory employment." In addition to contradicting

-5-

its initial wholly "barred" argument, Defendants' Reply Brief also added a completely new argument based on their affirmative defense of failure to exhaust administrative remedies [as to one of the individual defendants, Renato Tamaro].

On April 17, 2024, the Court accepted both new arguments which Defendants first raised in their Reply Brief. This was done without Smith having the opportunity to fully brief these issues.

(ECF #19-1, *Plaintiff's Brief in Support of Motion to Consider [sic] Order Dismissing Individual Defendants*) (emphasis in original, footnotes omitted, inserts supplied).[2]

Plaintiff's motion to reconsider this Court's April 17, 2024 decision (ECF #16) has now been fully briefed. (See ECF #19, #21 & #23). Plaintiff has now presented her arguments on how she believes the ELUA amendments should be interpreted numerous times (four times, in fact – five, if one includes the *amicus* brief filed alongside the motion to reconsider, *see* note 2). The Court believes it has interpreted the statute correctly, consistent with the decisions in *Sherman*, *Milliner*, and *Reeves*. For the reasons stated below, *Plaintiff's Motion to Reconsider Order Dismissing Individual Defendants* (ECF #19) is DENIED.

## II. LEGAL STANDARDS

Before setting forth the legal basis for denying *Plaintiff's Motion to Reconsider Order Dismissing Individual Defendants*, the Court notes that it considered *all* of the arguments of counsel throughout the briefing on the motion to dismiss, the motion for sanctions, and now the motion for reconsideration.

Plaintiff contends that "Defendants wholly changed their arguments in their Reply Brief."

---

[2] Plaintiff's motion for reconsideration was accompanied by a *Motion of Ohio Employment Lawyers Association for Leave to File Amicus Curiae Memorandum in Support of Plaintiff's Request to Reconsider the Court's April 17, 2024 Opinion and Order* (ECF #20). This motion was granted on May 21, 2024, per a non-document order. With this, Plaintiff has now presented her statutory construction argument to the Court on five occasions.

(ECF #19-1, PageID #150), related to the holding of *Sherman* and interpretation of the ELUA amendments, and thus the Court should not consider the statements of the reply brief at all. Defendants contend that Plaintiff waived any right to make this argument by not filing a motion to file a sur-reply brief to respond to the allegedly new arguments of the reply brief, and that she is now prohibited from making the argument on motion for reconsideration. (ECF #21, PageID #209). Neither argument is persuasive.

To Plaintiff's argument, the Court does not find that the "Defendants wholly changed their arguments in the Reply Brief." Not even close. At most, in the reply brief, Defendants merely gave a more fulsome presentation of the argument made in their opening motion, that the effect of the ELUA amendments to the Ohio Fair Employment Practices Act, as described and interpreted in *Sherman*, serve to bar claims against individual supervisors or managers, who are not actual "employers," for actions taken within their roles as supervisors or managers. To Defendants' argument, nor does the Court find that Plaintiff's "failure" to file a motion to file a sur-reply prohibits her from now seeking reconsideration of the Court's ruling.

This Court takes seriously its duty to independently examine the legal issues presented to it. At the time of its April 17, 2024 ruling, the Court had before it the full briefing on the motion to dismiss and the motion for sanctions. In that briefing, taken as a whole, the parties presented their arguments and case law on the effect of the ELUA amendments on individual supervisor and manager liability many times. The Court evaluated *all* of these arguments on the merits and reviewed each of the cited cases. The Court came to a decision, finding that the reasoning of the recent earlier decisions in *Sherman*, *Milliner*, and *Reeves* is a correct statutory interpretation, and

the reasoning sound. Plaintiff retains her right to later appeal that decision if she so chooses.[3]

Motions for reconsideration of a Court's ruling are governed by Federal Rule of Civil Procedure 54(b), which provides:

> When an action presents more than one claim for relief – whether as a claim, counterclaim, crossclaim, or third-party claim – or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. ***Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities***.

FED. R. CIV. P. 54(b) (emphasis supplied).

The grounds justifying reconsideration are limited. "The major grounds justifying reconsideration of interlocutory orders are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *John Hancock Life Ins. Co. v. Ufer*, Case No. 3:11-CV-02344, 2013 U.S. Dist. LEXIS 74147, at *2 (N.D. Ohio May 24, 2013) (quoting *Reich v. Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998) (citing *Petition of U.S.; Steel Corp.*, 479 F.2d 489 (6th Cir. 1973), *cert. denied, Fuhrman v. U.S. Steel Corp.*, 414 U.S. 859 (1973)).

Motions to reconsider a ruling, however, are extraordinary in nature and should not be used as a vehicle to simply repeat arguments already considered by the Court and not adopted in its ruling:

---

[3] The Court does not find that cause exists to certify a question to the Supreme Court of Ohio, under OHIO S. CT. PRAC. R. 9.01, on the issue of interpretation of the ELUA amendments on individual supervisor or manager liability, as the Court believes the Supreme Court of Ohio would come to the same conclusion as the decision of this Court and the courts in *Sherman*, *Milliner*, and *Reeves*.

> Although "motions to reconsider are not ill-founded step-children of the federal court's procedural arsenal," ***they are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged***." To be sure, "a court can always take a second look at a prior decision; but "it need not and should not do so in the vast majority of instances," especially where such motions "merely restyle or re-hash the initial issues." ***It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court*** or "to proffer a new legal theory or new evidence to support a prior argument when a legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue." ***Where, as is the case with much of the instant motion, "defendant views the law in a light contrary to that of this Court," its "proper recourse" is not by way of a motion for reconsideration "but appeal to the Sixth Circuit.***"

*McConocha v. Blue Cross & Blue Shield Mut.*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citations omitted, emphasis supplied).

A motion for reconsideration "is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal." *Triplett-Fazzone v. City of Columbus*, Case No. 2:12-CV-00331, 2013 U.S. Dist. LEXIS 110663, at *8 (S.D. Ohio Aug. 5, 2013).

The Court does not find that Plaintiff has presented grounds warranting reconsideration, and ultimately reversal, of its prior ruling. Accordingly, Plaintiff's motion for reconsideration of its ruling on the effect of the ELUA amendments to the Ohio Fair Employment Practices Act is denied.

Plaintiff raises another procedural argument in her motion, based on an observation made in this Court's April 17, 2024 decision that "There is an additional reason as to why the claims naming Defendant Renato Tamaro fail. Plaintiff failed to exhaust the required administrative remedies predicate to filing a court claim against him." (ECF #16, *Memorandum of Opinion and Order*, at p. 12, PageID #133). Plaintiff states that "Defendants did not remotely raise the issue

of exhaustion of administrative remedies in their Motion to Dismiss." (ECF #19-1, *Plaintiff's Motion to Reconsider*, PageID #161). Plaintiff then argues that, "Pursuant to R.C. § 4112.052(B)(4)(b), because [Plaintiff] Smith was not required to file a charge [with the Ohio Civil Rights Commission] against Tamaro directly, Smith has exhausted her administrative remedies." (ECF #19-1, PageID #161) (inserts supplied, heading text capitalization omitted).

The substance of Plaintiff's argument, quoting the text of Ohio Revised Code § 4112.052(B)(4)(b),[4] and citing *Bennis v. Nationwide Children's Hospital* (the case attached to its motion),[5] is that "Smith's Complaint at ¶¶ 15-16 aver[s] that a charge was properly filed against STERIS and ¶ 8 establishes that STERIS was the employer of Tamaro. As such, there is

---

[4]

    Ohio Revised Code § 4112.052(B)(4)(b) provides:

(4) With respect to an unlawful discriminatory practice relating to employment described in division (A)(24)(b) of section 4112.01 of the Revised Code, a charge filed with the Ohio civil rights commission or the equal employment opportunity commission satisfies division (B)(1)(a) or divisions (B)(2)(b)(i) and (ii) of this section if both of the following apply:

    (a) The charge is related to the conduct alleged in the complaint for the civil action;

    (b) ***The charge is filed against*** the person who committed the unlawful discriminatory practice, ***the employer of the person who committed the unlawful discriminatory practice, or*** both the person who committed the unlawful discriminatory practice and the person's employer.

(See ECF #19-1, PageID #162) (emphasis original in motion).

[5]
    See *Bennis v. Nationwide Children's Hospital*, Case No. 23-CV-003506 (Ohio C.P., Franklin Cty. Apr. 19, 2024) ("If the Legislature had intended to require a person to exhaust their administrative remedies exclusively by filing a charge against the individual who committed the unlawful discriminatory practice before filing a civil action against that individual for retaliation or aiding and abetting, they would not have provided alternative options to satisfy the requirement.").

-10-

no basis to dismiss the claims against Tamaro for lack of exhaustion." (ECF #19-1, PageID #162).

As noted earlier, the Court considered all of the arguments raised in the motion to dismiss briefing. Admittedly, unlike Plaintiff's procedural arguments related to the timeliness of Defendants' arguments related to the ELUA amendments, Plaintiff's argument about whether Defendants raised the "exhaustion" issue in its initial motion has some substance. However, it is, in the end, a moot point. In addition to dismissing the claim against Defendant Tamaro based upon this Court's interpretation of the ELUA amendments to the Ohio Fair Employment Practices Act, consistent with *Sherman*, *Milliner*, and *Reeves*, the claim against Defendant Tamaro failed to satisfy the standards of Federal Rule of Civil Procedure 12(b)(6) under even the most indulgent reading of *Twombly*, *Iqbal*, and their progeny,[6] as noted in the Court's April 17, 2024 *Memorandum of Opinion and Order* (ECF #16, p. 9, note 4, PageID #130), "Actually, the *Complaint for Damages* does not identify *any* action or conduct engaged in by Defendant Tamaro *at all* (emphasis in original); *id.* at p. 12 (ECF #16, PageID #133) ("And, as earlier noted, there are no allegations related to actions or conduct taken by Defendant Renato Tamaro *at all*") (emphasis in original).

Accordingly, the Court need not examine whether Plaintiff Smith, by filing a charge

---

[6] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining that a complaint must contain something more than a statement of facts that merely creates speculation or suspicion of a legally cognizable cause of action); *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *Red Zone 12, LLC v. City of Columbus*, 758 F. App'x 508, 512 (6th Cir. 2019) (A "complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory"). Here, Plaintiff Smith did not identify *any* facts related to Defendant Tamaro *at all*, let alone allege of "facts" to be examined under the standards of *Twombly* and *Iqbal*.

against STERIS, satisfied exhaustion requirements with respect to Defendant Tamaro by filing "against . . . the employer of the person who committed the unlawful discriminatory act," Ohio Rev. Code § 4112.052(B)(4)(b), given that she has not, even now, identified, or even alleged, that Tamaro engaged in *any* identified "unlawful discriminatory act."

### III. CONCLUSION

For each of the above reasons, *Plaintiff's Motion to Reconsider Order Dismissing Individual Defendants* (ECF #19) is DENIED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: May 29, 2024